IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**UNITED STATES OF AMERICA**

v.　　　　　　　　　　　　　　　　　　　　　　　　　　Case No. 2:22-cr-00095

**JAMES GOULD**

### DEFENDANT'S MOTION TO ACCEPT FILING OUT OF TIME & RELATED RELIEF

On January 12, 2023, the Court granted defendant's motion to continue for the purposes of conducting a psychological evaluation. *See* Dkt. No. 37. Within that order, among other things the Court set the parties' pretrial motion deadline for February 13, 2023, and a pretrial motion hearing for February 23, 2023. *Ibid*.

Subsequently, on January 18, 2023, Tim Boggess entered his appearance in this matter. *See* Dkt. No. 38. Incident to his entry into the case, the parties have been discussing alternatives for resolving it – including ATC. In the meantime, defendant's counsel has been trying to obtain historical medical records related to Mr. Gould's previous involuntary commitments, and his treatments once released. As the new case deadlines approached this week, it was apparent to counsel that a subsequent motion to continue would be needed.

Separately, as evidenced the filed submission, defendant's counsel very much needed to get the dispositive *Bruen* issue before the Court for consideration. Defendant's counsel has spent portions of the past two weeks trying to find historical laws from the original thirteen states disarming mental incompetents. Counsel

finally just had to stop the historical research and submit defendant's briefing; based upon information and belief, defendant's case presents not just an issue of first impression for the Southern District of West Virginia, or the Fourth Circuit – but nationally.

Defendant, therefore, asks that the Court accept his *Bruen*-based motion to dismiss out of time. Separately, defendant further moves to stay his trial date (for sixty days), and continue all other pretrial deadlines (including pretrial motions unreleated to the *Bruen* issue), until such time as the United States has fully responded (which will most likely need much more than the seven days afforded by local rules) and this Court may meaningfully entertain the merits of defendant's motion. Of course, during that time (which should all be excludable under the Speedy Trial Act), defendant's evaluation can be completed and the parties can separately explore the suitability of ATC depending on his evaluation's outcome.

For the above-stated reasons, defendant asks that his motion be granted. In so moving, defendant's counsel has consulted government counsel and been authorized to represent that the United States does not object to defendant's motion.

Date: February 17, 2023.                Respectfully submitted,

**JAMES GOULD**

By Counsel

**WESLEY P. PAGE**
**FEDERAL PUBLIC DEFENDER**

**s/ Lex A. Coleman**
Lex A. Coleman, WV Bar No. 10484
Senior Litigator, AFPD
300 Virginia Street, East, Room 3400
Charleston, West Virginia  25301
Telephone: (304) 347-3350
Facsimile:   (304) 347-3356
E-mail: lex_coleman@fd.org