IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                   CRIMINAL ACTION NO. 2:22-cr-00095

JAMES GOULD,

        Defendant.

**ORDER**

On October 12, 2023, came the United States of America, by Assistant United States Attorney Timothy D. Boggess, and also came the Defendant, James Gould, in person and by his attorney, Lex A. Coleman during which Defendant, as more particularly set forth on the record, entered a guilty plea to a Single Count Indictment, which charges him with being a person who has previously adjudicated as a mental defective or committed to a mental institution in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(4) and 924(a)(2).

Pursuant to U.S.S.G. § 6A1 *et seq*., it is hereby **ORDERED** that:

1.       The Probation Office undertake a presentence investigation of the Defendant and prepare a presentence report for the Court;

2.       Pursuant to Federal Rule of Criminal Procedure 32(e)(3), the United States Probation officer is directed not to disclose to the Defendant, the Defendant's counsel, or the attorney for the Government the Probation Officer's recommendation, if any, on the sentence;

3.       The Court **ORDERS** that the United States Probation Office prepare and forward a draft presentence report to the United States and counsel for the Defendant no later than **December 14, 2023**; that the United States Attorney and counsel for the Defendant file any

objections to the draft presentence report no later than **December 28, 2023;** and that the Probation Office submit a final presentence report to the Court no later than **January 11, 2024**. The Court **SCHEDULES** final disposition of this matter for **January 25, 2024, at 3:00 p.m.**

4. The Government and the Defendant **must** file a Sentencing Memorandum addressing the sentencing factors set forth in 18 U.S.C. § 3553(a) as each party believes they may pertain to this case. The Sentencing Memorandum **must** also address any such matters that have not already been addressed in the form of motions or objections to the Presentence Report and may include argument as to the sentence to be imposed. Any arguments as to the sentence imposed must be individually and separately raised, and clearly addressed in the Sentencing Memorandum. *See, e.g.*, *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019) (requiring sentencing courts to "address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments." (citing *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017))). The filing of the Sentencing Memorandum is **MANDATORY**. The Sentencing Memoranda shall be no more than ten (10) pages in length, unless leave is granted by the Court for additional pages and shall be filed with *and received by* the Clerk no later than **January 18, 2024**; and

5. Bond in the amount of $10,000 unsecured, previously executed, shall be continued to ensure Defendant's appearance before this Court at such times and places as the Court may direct.

The trial of this criminal action is hereby **VACATED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:   October 12, 2023

THOMAS E. JOHNSTON, CHIEF JUDGE